IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| LAGATHA R. WHARTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN TRANSIT AUTHORITY | § | CIVIL ACTION NO. H-05-0413 |
| OF HARRIS COUNTY ("METRO"), | § | |
| and ALBERT GRIFFIN, PORTIA | § | |
| TALBOT, CHARMAINE BISSELL, | § | |
| and DERRICK SUTTON, | § | |
| | § | |
| Defendants. | § | |


**MEMORANDUM OPINION AND ORDER**


On February 7, 2005, pro se plaintiff, LaGatha R. Wharton, filed this action against defendants, Metropolitan Transit Authority of Harris County (Metro), Metro employees, Albert Griffin, Portia Talbot, Charmaine Bissell, and Derrick Sutton, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5, intentional infliction of emotional distress, negligent infliction of emotional distress, libel, and slander (Docket Entry No. 1). Pending before the court are plaintiff's request for counsel (Docket Entry No. 6) and defendants' Renewed Motion to Dismiss (Docket Entry No. 14). Plaintiff's request for counsel will be denied, and defendants' motion to dismiss will

-1-

be granted in part and denied in part.

## I.  Procedural History

Plaintiff filed this action on February 7, 2005 (Docket Entry No. 1).  On February 9, 2005, the Clerk of the Court issued a letter informing plaintiff that her application for leave to proceed in forma pauperis had been granted (Docket Entry No. 3).  The clerk's letter also stated "it is your responsibility to prepare and have summons issued to each of the defendants named in your complaint.  Failure to do so within 120 days of the filing of your complaint may result in the dismissal of your complaint."[1]

On April 6, 2005, defendants Metro and Griffin filed a motion to dismiss in which they argued, inter alia, that plaintiff's complaint should be dismissed because she had not properly effected service of process upon them.[2]  Plaintiff did not respond to this motion.  On May 10, 2005, the court entered an Order (Docket Entry No. 8) denying this motion without prejudice since the 120-day period for serving process upon the defendants had not expired.  The court's Order reminded plaintiff that Fed. R. Civ. P. 4(m) required her to effect proper service of process upon the defendants and to file proof of service with the court.[3]  On the same day, i.e., May 10, 2005,

---

[1]Letter from the Clerk of Court, Docket Entry No. 3.
[2]Defendants Metropolitan Transit Authority's and Albert Griffin's Motion to Dismiss, Docket Entry No. 4, pp. 1-4.
[3]Order, Docket Entry No. 8, p. 4.

-2-

the court received a letter from the plaintiff asking for appointment of counsel (Docket Entry No. 6), and an entry on the clerk's docket sheet shows that summons issued for Metro, Griffin, Bissell, and Talbot.[4]

## II.  Defendants' Renewed Motion to Dismiss

Defendants argue that plaintiff's complaint against Metro should be dismissed for failure to effect proper service of process, that plaintiff's claims for employment discrimination in violation of Title VII alleged against Griffin, Talbot, and Bissell should be dismissed for failure to state a claim for which relief may be granted, and that plaintiff's claims for intentional and negligent infliction of emotional distress, libel, and slander alleged against Metro, Griffin, Talbot, and Bissell should be dismissed for lack of subject matter jurisdiction.   Plaintiff has not responded to defendants' motion.

## A.   Failure to Effect Service of Process Upon Metro[5]

On May 10, 2005, the United States Marshals Service attempted to effect service of process on Metro by mailing a copy of the summons and complaint via certified mail to the Metropolitan Transit Authority, 1900 Main St., Houston, Texas

---

[4]See Docket Sheet for this cause number, i.e., H-05-0413.
[5]Griffin, Talbot, and Bissell do not dispute that service of process has been properly effected upon them.

-3-

77002.[6]   Although Metro received the summons and complaint,[7]
Metro seeks dismissal of the plaintiff's complaint because the
summons and complaint were neither delivered to its chief
executive officer as required by Fed. R. Civ. P. 4(j)(2), nor
served upon its administrative head as required by Texas law for
effecting service of process on a unit of state government.
See Tex. Civ. Prac. & Rem. Code § 101.102(c).[8]   Federal Rule
of Civil Procedure 4(m) allows district courts to dismiss
complaints upon motion if proper service is not effected within
120 days of the complaint's filing.   Fed. R. Civ. P. 4(m).
However, special rules govern the procedure for service of
process in cases like this that involve a pro se plaintiff
proceeding in forma pauperis.   See Lindsay v. United States
Railroad Retirement Board, 101 F.3d 444, 446 (5th Cir. 1996).
In in forma pauperis cases "[t]he officers of the court shall
issue and serve all process, and perform all duties."   28 U.S.C.
§ 1915(c).   Moreover, Federal Rule of Civil Procedure 4(c)(2)
provides that

> [a]t the request of the plaintiff . . . the court may
> direct that service be effected by a United States
> marshal, or other person or officer specially

---

[6] Process Receipt and Return (USM-285), Docket Entry No. 10.

[7] Renewed Motion to Dismiss, Docket Entry No. 14, p. 1
(stating the U.S. Marshals Service sent the summons and
complaint to Metro via certified mail and attaching as Exhibit 1
thereto a copy of the summons that is stamped "Received May 11,
2005, Legal Dept., Metropolitan Transit Authority").

[8] Renewed Motion to Dismiss, Docket Entry No. 14, p. 2.

> appointed by the court for that purpose.   Such an
> appointment must be made when the plaintiff is
> authorized to proceed in forma pauperis pursuant to 28
> U.S.C. § 1915.

Once the in forma pauperis plaintiff has taken reasonable steps to identify the defendant(s), "Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that . . . the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." Lindsay, 101 F.3d at 446 (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)). "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals Service and should not be penalized for failure of the Marshal's Service to properly effect service of process where such failure is through no fault of the litigant." Id. at 447 (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)). "[A] plaintiff may not remain silent and do nothing to effectuate such service.   At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Id. (quoting Rochon, 828 F.2d at 1110).   When failure of effective service of process is caused by the dilatoriness or fault of the plaintiff, relief from a dismissal for insufficiency of service of process should be denied.   Id.

The court's Order of May 10, 2005, informed plaintiff that service of process had not been effected upon the defendants. Since then the United States Marshals Service has been asked to

-5-

effect service of process on the defendants whose names and addresses appear in plaintiff's complaint, and service has been properly effected upon the three individual defendants for whom plaintiff provided addresses:  Griffin, Talbot, and Bissell. The Marshals Service has also attempted to effect service of process on Metro.  Although plaintiff did not state the name of Metro's executive director in her complaint, she clearly identified the defendant as the "Metropolitan Transit Authority of Har[ris County]," and the defendant's address as 1200 Louisiana 16th Floor, Houston, Texas 77002, which appears to be the office address of Metro's president and chief executive officer, Frank J. Wilson.

In Lindsey, 101 F.3d at 447-448, the Fifth Circuit did not find fatal the in forma pauperis plaintiff's failure to provide the names and addresses of all the parties who needed to be served in a suit brought against a United States governmental entity.[9]  Accordingly, the court does not find fatal plaintiff's failure to identify Metro's president and chief executive officer, Frank J. Wilson, as the individual upon whom service needed to be effected.  Although the court is unable to determine who asked the Marshals Service to effect service of process in this case because the space for the signature of the "[o]riginator requesting service" is blank, since it is clear that the Marshals Service was asked to effect service, the court

---

[9]See Fed. R. Civ. P. 4(i), which requires service on a United States Attorney (or Assistant United States Attorney or clerical employee) and on the United States Attorney General.

concludes that the plaintiff was entitled to rely upon the Marshals Service to complete service.  Id. at 448 (citing 28 U.S.C. 1915(c) and Antonelli v. Sheahan, 81 F.3d 1422, 1426 (7th Cir. 1996) ("The Marshals Service's failure to complete service [as required by statute], once furnished with the necessary identifying information, is automatically 'good cause' requiring an extension of time under Rule 4(m).")).  Accordingly, the Clerk will be directed to issue summons, and the United States Marshal will be directed to serve the summons and a copy of the complaint (Docket Entry No. 1) via certified mail, return receipt requested, upon the Metropolitan Transit Authority of Harris County, Frank J. Wilson, President and Chief Executive Officer, 1201 Louisiana Street, Suite 1600, Houston, Texas 77002.

**B.   Title VII**

The individual defendants Griffin, Talbot, and Bissell seek dismissal of the Title VII claims alleged against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  These defendants argue that they are not subject to liability under Title VII in either their individual or official capacities because they do not fall within Title VII's definition of employer.[10]

Liability under Title VII attaches only to a plaintiff's "employer."  42 U.S.C. § 2000e-2(a).  "Employer" is defined as

---

[10]Renewed Motion to Dismiss, Docket Entry No. 14, p. 5.

"a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b).   "[T]he term 'person' includes . . . governments, governmental agencies, political subdivisions . . ." 42 U.S.C. § 2000e(a).  Title VII liability does not attach to individuals acting in their individual capacity.  Grant v. Lone Star Co., 21 F.3d 649 (5th Cir.), cert. denied, 115 S.Ct. 574 (1994).  In Grant the court stated that the "proper method for a plaintiff to recover under [T]itle VII is to sue the employer, either by naming the supervisory employee as agent of the employer or by naming the employer directly."  Id. at 652 (citing Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)).  Therefore, plaintiff cannot state a claim for which relief may be granted under Title VII against the individual defendants in their individual capacities.  Accordingly, defendants' motion to dismiss plaintiff's claims for employment discrimination under Title VII alleged against Griffin, Talbot, and Bissell will be granted, and these claims will be dismissed with prejudice.  See Ackel v. National Communications, Inc., 339 F.3d 376, 382 & n.1 (5th Cir. 2003).

## C.   State Law Tort Claims

Metro and the individual defendants seek dismissal of the state law tort claims that plaintiff has alleged against them for intentional and negligent infliction of emotional distress,

libel, and slander.

    1.  <u>Metro</u>

Defendants argue that the court lacks subject matter jurisdiction to hear and decide the state law tort claims that plaintiff has alleged against Metro and the individual defendants as representatives of Metro because they are entitled to sovereign immunity.[11]

The court has pendent jurisdiction over plaintiff's state law claims only through the exercise of its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).  The United States Supreme Court has held that federal courts cannot exercise supplemental jurisdiction over state law claims pursued by private citizens against non-consenting state entities.  <u>Raygor v. Regents of the Univ. of Minnesota</u>, 122 S.Ct. 999, 1005 (2002).  Asserting that it is a unit of state government[12] Metro argues that the state of Texas has not consented to suit on plaintiff's state law tort claims.  Since plaintiff fails to make any showing that the state of Texas has either waived sovereign immunity with respect to her state tort claims or consented to suits on them brought in federal court, the court concludes that the Supreme Court's decision in <u>Raygor</u>precludes it from asserting supplemental jurisdiction over these claims alleged against Metro or against the individual defendants she

---

[11]Renewed Motion to Dismiss, Docket Entry No. 14, pp. 3-4.
[12]See Texas Transportation Code § 451.052(c) describing Metro as a unit of government as defined by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, chapter 101.

has sued as Metro's representatives.  See Pennhurst State School & Hospital v. Halderman, 104 S.Ct. 900, 917-919 (1984) (holding that a claim against a state agency under state law is barred by the Eleventh Amendment even when the claim is brought in federal court under pendent or supplemental jurisdiction); Ysleta Del Sur Pueblo v. Laney, 199 F.3d 281, 286 (5th Cir.), cert. denied, 120 S.Ct. 2007 (2000) (Sovereign immunity bars suit against state officials when the state is the real substantial party in interest.).  Accordingly, defendants' motion to dismiss the claims that plaintiff has alleged against Metro and the individual defendants as Metro's representatives for the intentional and negligent infliction of emotional distress, libel, and slander will be granted, and these claims will be dismissed without prejudice for lack of subject matter jurisdiction.

### 2.   Individual Defendants

Citing Texas Civil Practice & Remedies Code § 101.106(e), the individual defendants argue that the court lacks subject matter jurisdiction to hear and decide the state law claims that plaintiff has alleged against them for intentional and negligent infliction of emotional distress, libel, and slander.[13]  Section 101.106(e) of the Tort Claims Act governing the election or remedies provides that "[i]f suit is filed under this chapter

---

[13]Renewed Motion to Dismiss, Docket Entry No. 14, pp. 4-5.

against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e).    Although plaintiff's complaint expressly identifies each of the individually named defendants as employees of Metro, since plaintiff's claims for the intentional and negligent infliction of emotional distress, libel, and slander are brought under common law and are not brought under the Texas Tort Claims Act, dismissal of these claims is not warranted under § 101.106(e) of the Texas Tort Claims Act. See Mission Consolidated Independent School District v. Garcia, ___ S.W.3d ____, 2005 WL 1530541, * 3 (Tex. App. -- Corpus Christi, June 30, 2005) (holding that § 101.106(e) applies only to "suits filed under this chapter," i.e., the Texas Tort Claims Act).

Plaintiff's claim for negligent infliction of emotional distress alleged against these defendants is, however, subject to dismissal for failure to state a claim for which relief may be granted because claims for the negligent infliction of emotional distress are not cognizable in Texas.   See Boyles v. Kerr, 855 S.W.2d 593, 594 (Tex. 1993).

Accordingly, defendants' motion to dismiss plaintiff's claim for the negligent infliction of emotional distress alleged against Griffin, Talbot, and Bissell will be granted, but their motion to dismiss plaintiff's claims for the intentional

-11-

infliction of emotional distress, libel, and slander alleged against these defendants will be denied.

### III.  Plaintiff's Request for Counsel

Pending before the court is plaintiff's letter requesting the appointment of counsel (Docket Entry No. 6).

Although the court may, in its discretion, request that an attorney represent a person who is unable to employ counsel, no funds have been appropriated by Congress for payment of assigned counsel.  Attorney fees, however, may be awarded by the court in the event plaintiff is the prevailing party.  See 42 U.S.C. § 2000e-5(k).  Thus, plaintiff may obtain an attorney willing to provide legal counsel on a contingent fee basis.  After reviewing the pleadings in this action, the court finds that the case has not yet progressed through discovery and orderly development to warrant assignment of counsel at this time.  The court will, however, exercise its discretionary authority to assign counsel, sua sponte, at such time as it deems assignment beneficial to the parties, to the court, and to the proper administration of justice.  Accordingly, plaintiff's letter request for the appointment of counsel will be denied.

### IV.  **Conclusions and Order**

Plaintiff's request for counsel (Docket Entry No. 6) is **DENIED**. Defendants' Renewed Motion to Dismiss (Docket Entry No. 14) is **GRANTED** as to plaintiff's claims for employment discrimination under Title VII alleged against Griffin, Talbot, and Bissell, as to all of the state law claims alleged against Metro, and as to plaintiff's claims for the negligent infliction of emotional distress alleged against Griffin, Talbot, and Bissell; and **DENIED** as to plaintiff's claim for employment discrimination under Title VII alleged against Metro, and as to plaintiff's claims for the intentional infliction of emotional distress, libel, and slander alleged against Griffin, Talbot, and Bissell.  The claims that plaintiff has alleged against Metro for the intentional and negligent infliction of emotional distress, libel, and slander, are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and the claims that plaintiff has alleged against Griffin, Talbot, and Bissell for employment discrimination under Title VII and for the negligent infliction of emotional distress are hereby **DISMISSED with prejudice** for failure to state a claim for which relief may be granted.

The Clerk **SHALL** issue summons to the Metropolitan Transit Authority of Harris County, and the United States Marshal **SHALL**

-13-

serve the summons and a copy of plaintiff's complaint (Docket Entry No. 1) via certified mail, return receipt requested, upon the Metropolitan Transit Authority of Harris County, Frank J. Wilson, President and Chief Executive Officer, 1201 Louisiana Street, Suite 1600, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this the 8th day of July, 2005.

Sim Lake
United States District Judge